UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROYAL BENSON, M.D.,** *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | **CIVIL ACTION NO. H-04-04323** |
| | § | |
| **ST. JOSEPH REGIONAL HEALTH CENTER,** *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Emergency Motion for Status Conference and to Enforce the May 17, 2006 Order Compelling Production of Additional Patient Charts Pursuant to Cost Sharing Arrangement (Doc. # 172). The parties dispute the precise amount of Plaintiffs' share of the cost of producing the patient charts, as well as how this cost should be calculated.

Two touchstones guide the Court's resolution of this dispute. First, as discussed at the June 15, 2006 hearing, Plaintiffs' portion of the cost of producing the patient charts shall be based upon Defendants' actual cost of production, including the expense of retrieving and copying the charts. Accordingly, the state-mandated fee schedule of Texas Health and Safety Code § 241.154 is not relevant to the portion of the cost to be borne by Plaintiffs. Second, it would be unfair and inappropriate for Defendants to shoulder the full cost of production until the conclusion of this litigation. Thus, Plaintiffs will be responsible for making an initial payment for each group of charts produced – either before the charts are delivered to Plaintiffs, if there is time, or shortly thereafter. These initial payments shall be based on Defendants' estimated cost of production, as set forth below. Following delivery of the charts, Defendants shall calculate their actual cost of production. Any difference between the actual cost and Plaintiffs' initial

1

payments shall then be reconciled – either by Plaintiffs making an additional payment to make up the difference, or by Defendants returning any excess payment to Plaintiffs.

At the June 15 hearing, the Court ordered Defendants to calculate and provide the Court and Plaintiffs with the actual cost of producing the first 350 charts, which Defendants were to deliver to Plaintiffs on June 16, 2006. Defendants have complied with this order and have indicated that the cost of producing the first 350 charts, consisting of approximately 31,900 pages in total, was $3,468.93. This amounts to a cost of slightly less than eleven cents per page.[1] Defendants assert, however, that this figure fails adequately to approximate the actual cost of producing the remaining charts. First, Defendants note that their calculations include no overhead charge. Additionally, Defendants assert that it would be appropriate for Plaintiffs to bear part of the expense of Defendants' copy of the patient charts, as Defendants would not be obligated to produce a copy of each chart for themselves absent Plaintiffs' request. Finally, Defendants point out that the remaining charts are in microfilm format and stored at an off-site warehouse, which will require much more time to retrieve and will increase the cost of production significantly.

The Court agrees that some addition to the total cost of production for overhead would be appropriate. As Defendants have made no estimation of overhead cost, nor any suggestion of what overhead might include here, no provision for overhead need be included in Plaintiffs' initial payment for each group of charts delivered. Any overhead charges should thus be included in Defendants' calculation of actual cost after the charts are produced and delivered. While Defendants may include some provision for overhead in their calculation of actual cost, however, it would be inappropriate to hold Plaintiffs responsible for any expenses associated

---

[1] The Court calculated the cost per page by dividing the total cost of $3,468.93 by the approximately 31,900 pages produced. This yielded a figure of .1087…, which is approximately eleven cents.

2

with Defendants' copies of the charts. Thus, no expenses relating to Defendants' copies of the charts will be included in Plaintiffs' initial payment for each group of charts delivered, nor may Defendants include such expenses in their calculation of actual cost after the charts are produced and delivered.

Finally, since the cost to be assessed to Plaintiffs will be based on Defendants' actual cost of production, the Court understands that the additional labor required to produce the remaining charts will thereby increase the amount of Plaintiffs' contribution. Aside from asserting that this cost will be "significantly higher," however, Defendants have failed to provide any estimates of the additional cost. The Court therefore adopts Plaintiffs' suggestion, at least in part, and will increase the estimated per-page cost, on which Plaintiffs' initial payments shall be based, by 50%. This adds approximately five cents per page, for a total estimated cost of approximately sixteen cents per page.[2]

This figure, of approximately sixteen cents per page, shall be the basis of Plaintiffs' initial payments to Defendants for each group of charts delivered. Since Plaintiffs are to pay half of Defendants' cost of producing the remaining charts, Plaintiffs are responsible for making an initial payment of eight cents per page.[3] Plaintiffs indicate that the remaining charts to be delivered constitute approximately 90,793 pages, and Defendants have not disputed this number. Accordingly, Plaintiffs' initial payments for the remaining charts shall be comprised of eight cents for each of 90,793 pages, or a total of $7,263.44. As the parties have agreed that the remaining charts shall be delivered in two groups, Plaintiffs may choose to divide this initial payment into two equal amounts, of $3,631.72 each, to be paid to Defendants at the time of each delivery.

---

[2] Fifty percent of .1087 (the per-page cost of producing the first 350 charts) is .0543. Adding these two figures (prior to rounding) produces a total of .1631, or approximately sixteen cents per page.
[3] Half of .1631 is .0815, which rounds to eight cents per page.

The foregoing analysis and calculation applies only to Plaintiffs' initial payments, to be due before or at the time of each delivery of charts.[4]  Once Defendants have calculated the actual cost of producing the remaining charts, the difference between this amount and Plaintiffs' initial payments must be promptly reconciled.  Thus, Plaintiffs' ultimate portion of the cost of producing the patient charts may exceed, or amount to less than, the estimated initial payment amount of eight cents per page.  As the Court has noted on more than one occasion, the allocation of costs will be revisited at the conclusion of the case.

**IT IS SO ORDERED**.

**SIGNED** this 29th day of June, 2006.

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**

---

[4] The Court recognizes that its calculations are not exact.  The Court has undertaken these calculations for the sole purpose of determining the amount of Plaintiffs' initial payments for the charts.  Any errors or inaccuracies in the Court's calculations shall be rectified when Defendants calculate their actual cost of producing the charts following production and delivery.